Appeal by the *745 defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered April 2, 2012, convicting her of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2-a) (b), driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2), and driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), upon a jury verdict, and sentencing her to concurrent definite terms of incarceration of one year on each of the convictions. By decision and order on motion dated April 12, 2012, this Court, inter alia, granted that branch of the defendant’s motion which was to stay execution of the sentence of incarceration pending the hearing and determination of the appeal.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on each of the convictions from a definite term of incarceration of one year to a definite term of incarceration of six months; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Under the particular facts of this case, including the defendant’s background, the sentences imposed were excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80 [1982]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.